WILLIAM CARDELL *v.* CHAUNCEY CARPENTER.

*Statute of Limitations.    Soldiers.*

The act of 1863 (§20, ch. 63, General Statutes) in respect to the operation of the statute of limitations, is retrospective, as well as prospective, and absence from the State as a volunteer soldier in the military service, before the passage of that act, interrupts the running of the statute.

ACTION of assumpsit, commenced January 1st, 1866, in which the plaintiff claimed to recover the amount of two promissory notes given in evidence.    (See same case, 42 Vt.)    Pleas, the general issue and statute of limitations.    Trial by court, March term, 1870, PECK, J., presiding.    The only question raised in this case was under the plea of the statute from the facts conceded as follows:

It was conceded that the defendant was a resident of the State of Vermont from the commencement of the plaintiff's cause of action to the present time ; he was a volunteer soldier in the service of the United States in the war of the late rebellion from the 10th day of October, 1862, to the 21st day of July, 1863 ; and from the 2d day of March, 1864, to the 18th day of May, 1865, and as such soldier was absent from the State during both of said periods of service.

The only question raised in the case under the statute, was, that it was claimed by the defendants's counsel that the statute was not interrupted by the first period of service, for the reason that that period was before the statute was passed authorizing such deduc-

tion, and it was conceded that if the first period as above stated did not interrupt the running of the statute, more than six years had elapsed from the commencement of the running of the statute to the commencement of this action, after deducting the second period of service ; but if the whole term of service as such soldier should be deducted, then the statute had not run against the claim. From a consideration of the above facts, the court rendered judgment for the plaintiff for the two notes as set forth in plaintiff's declaration, which defendant conceded plaintiff was entitled to judgment for, unless the demands were barred by the statute of limitations upon the ground above stated. Exceptions by defendant.

*H. Carpenter*, for the defendant.

*George M. Fisk*, for the plaintiff.

The opinion of the court was delivered by

WILSON, ·J. The questions in this case arise upon the defendant's exceptions to the ruling of the county court on the issue joined under the plea of the statute of limitations. It is insisted by the defendant's counsel that the statute was not interrupted by the first period of his service, for the reason that that period was before the statute was passed authorizing such deduction. The county court deducted both periods of the defendant's service. We think this was clearly correct. The statute of limitation, applicable to the facts of this case, took effect on the first day of August, 1863, at which time the limitation under the former statute had not fully run. This being so, it was competent for the legislature to interrupt the running of the statute, for the cause named in the 20th section of chapter 63, of the General Statutes, and make the provisions of the new limitation so far retrospective as to reach cases upon which the statute bar had not then fully run. That this was the intention of the legislature, is plain from the language of said section. It provides, " that in all cases where an inhabitant of this state has volunteered or enlisted, or shall volunteer or enlist under the laws of this state, or of the United

States, or shall be drafted into the service of the United States, for the purpose of executing the laws of the Union, suppressing insurrections, or to repel invasions, *who had*, or *shall have*, at the time of volunteering or enlisting, any cause of action against any other person; or if such other person *had* or shall have any cause of action against him, (that is, against such soldier,) the time of his absence in such service shall not be taken as any part of the time limited for the commencement of his action, or the action of such other person founded on such cause of action." It is conceded that the defendant was an inhabitant of the state; that he volunteered into the service named in the section above quoted; that the plaintiff had against the defendant, at the time of defendant's volunteering, the cause of action set forth in the declaration, and that the defendant, as such soldier, was absent in such service, during the periods mentioned in the bill of exceptions, after the cause of action accrued. The facts placed upon the record bring the case within the provisions of the limitation of said section. This construction of the statute is sustained by all the decisions in this State, upon analagous questions, which arose under the provisions of the 15th section, which, like the 20th section, excepts certain cases from the operation of the general limitation as provided in section five.

The judgment of the county court is affirmed.